# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JEROME ALAN CHARBONEAU,

    Plaintiff,                                     CASE NO. 07-CV-12929

v.                                                DISTRICT JUDGE THOMAS LUDINGTON
                                                 MAGISTRATE JUDGE CHARLES BINDER

MATTHEW JORDAN,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 11)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

### II.    REPORT

#### A.    Introduction and Facts

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for general case management on July 16, 2007. (Dkt. 2.) Pending is the above-entitled motion. (Dkt. 11.) Plaintiff filed a response opposing the motion (Dkt. 15), and Defendant filed a reply. (Dkt. 16.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff's complaint alleges that on July 15, 2004, Defendant made material misrepresentations in an affidavit in support of a search warrant for Plaintiff's home. (Dkt. 1 ¶ 5.) Defendant Jordan stated in his affidavit supporting the search warrant application that he knew "from personal experience from dealing with the occupant of these premises, Jerome Alan Charboneau, that he had previously had two grow operations one [sic] at this same location." (Dkt. 11, Ex. 3 at 4.) Defendant Jordan further stated that "these grow operations consisted of Mr. Jerome Charboneau growing approximately 30 plants in the same storage structure as well as drying plant material in June of 2003." (*Id.*) On the day the affidavit was sworn, Defendant Jordan stated that, "while walking in the gravel area in front of the home, we [Trooper Robbins and Defendant] could smell the odor of fresh marijuana . . . coming from the area of the storage structure/home." (*Id.*) In addition, he stated that, "[i]n looking at the storage structure, I noted that it had a larger than normal exhaust system for that type of structure [and] [t]here is also a PVC pipe that runs along the North wall of the storage structure from the second floor to the ground." (*Id.*) Defendant Jordan concluded that, considering "my past dealings with Jerome Charboneau and knowing that he has grown marijuana in more than one structure, I believe that he may have marijuana in both the home as well as in the storage structure." (*Id.*)

Plaintiff contends that, prior to Defendant Jordan allegedly smelling fresh marijuana, a drug sniffing canine that Defendant brought with him did not alert to the presence of any controlled substances; Defendant failed to mention this in his affidavit. (Dkt. 1 ¶ 15.)

A search of Plaintiff's property was conducted later that day. As a result, Plaintiff was arrested and charged with manufacturing 20 or more marijuana plants but fewer than 200 marijuana plants (Count I), Possession of Analogues (Count II), and misdemeanor possession of marijuana (Count III). (Dkt. 1 ¶ 13; Dkt. 11, Ex. 5 at 2.) After a preliminary examination held on

April 12, 2005, Plaintiff was bound over for trial by Bay County District Judge Scott Newcombe. (Dkt. 11 at Ex. 4.)

On July 18, 2005, Bay County Circuit Judge Lawrence Bielawski denied Plaintiff's motion to suppress evidence seized during the execution of the search warrant, which was brought on the grounds that the affidavit contained knowingly false information. (Dkt. 11 at Ex. 5.) On August 15, 2005, Judge Bielawski granted Plaintiff's motion for rehearing regarding his motion to suppress and ordered that an evidentiary hearing be held. (Dkt. 11 at Ex. 6.) Judge Bielawski granted the motion for rehearing:

> for the reason that defendant has demonstrated the existence of several palpable errors by which the court and/or the parties have been mislead – namely, that:
>
> 1. Trooper Jordan's testimony at the evidentiary hearing on defendant's Motion to Suppress in File No. 03-10514-B directly contradicts and raises serious concerns regarding his testimony at the preliminary examination in this case relative to his alleged ability to smell marijuana from the roadway in front of defendant's residence. Specifically, Trooper Jordan testified at the aforementioned evidentiary hearing that he did not smell the 225 grams of fresh growing marijuana in defendant's barn/garage until he was in front of said barn/garage and/or until the door to said barn/garage was open. During the preliminary exam in this case, however, Trooper Jordan testified he could smell a mere .45 grams of non-freshly harvested marijuana all the way from the roadway. At the very least, said testimony indicates that Trooper Jordan's Affidavit in support of his request for search warrant may be less than accurate and/or truthful.
>
> 2. In his Motion to Suppress, defendant focused exclusively on Trooper Jordan's alleged ability to detect the odor of 'fresh' marijuana from the roadway and the minuscule amount of marijuana (i.e., .45 grams) actually found by officers. Defendant completely failed to mention that 'the "partial marijuana plants" [which were found and which] Trooper Jordan testified about during the preliminary examination consisted of **some old rooted stems that had been discarded during the first raid on the Defendant's home the year prior (in 2003).'** <u>Defendant's Brief in Support of Motion for Rehearing</u> at p. 6. Consequently, when this Court read and relied upon the preliminary exam transcript in deciding defendant's Motion to Suppress, this Court had no idea that the 'partial marijuana plants' ultimately found and testified to by Trooper Jordan may have been the exact **same** discarded stalks/stems/plants found during the 2003 search.

(Dkt. 11, Ex. 6 at 2-3 (emphasis in original).) Prior to the actual rehearing on the motion to suppress, the case was voluntarily dismissed by the prosecution. (Dkt. 11 ¶ 6; Dkt. 15 at 5.) An order of dismissal was entered on September 1, 2005. (Dkt. 1 ¶ 16.)

Plaintiff alleges in this action that the search, seizure and prosecution were without probable cause in violation of the Fourth Amendment to the United States Constitution. (Counts I and II, Dkt. 1 at 4-8.) Plaintiff also raises the state law claim of malicious prosecution under MICH. COMP. LAWS § 600.2907 (Count III, Dkt. 1 at 8-9.)

**B.      Analysis and Conclusions**

**1.      Governing Motion Standards**

A motion for summary judgment will be granted under Rule 56(c) of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-

moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit has explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v.*

*Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### 2. Collateral Estoppel

The sole argument raised by Defendant in this motion is that he is entitled to summary judgment because probable cause was determined when Plaintiff was bound over for trial from the district to the circuit court and that collateral estoppel therefore prevents Plaintiff from relitigating the probable cause issue. (Dkt. 11 at 6-8.) Defendant notes that "the denial of the motion to suppress was not set aside, and more importantly, the District Court's finding that probable cause existed for Plaintiff's prosecution was undisturbed." (Dkt. 11 ¶ 6.) Plaintiff asserts that collateral estoppel does not apply because the two actions involve different claims, the parties are not the same, there was no final judgment, the judgment was not on the merits of the case, and the determination was not necessary to the judgment. (Dkt. 15 at 8-13.)

Michigan law provides that a preliminary examination shall be held in all felony criminal cases to determine whether a felony has been committed and whether probable cause exists to charge the defendant with that felony. MICH. COMP. LAWS § 766.13; M.C.R. 6.110. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give state court holdings the same preclusive effect as under state law. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). Therefore, "we must apply the state law of collateral estoppel when deciding whether the state court's determination of probable cause at the

preliminary hearing has preclusive effect in this § 1983 action." *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001).

Under Michigan law, "[a] court must apply issue preclusion when (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *People v. Gates*, 434 Mich. 146, 148, 452 N.W.2d 627, 630-31 (1990)).

"Moreover, additional exceptions to collateral estoppel may be warranted in § 1983 actions in light of the 'understanding of § 1983' that 'federal courts could step in where the state courts were unable or unwilling to protect federal rights.'" *Haring v. Prosise*, 462 U.S. 306, 313-14, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 101, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980), and citing *Board of Regents v. Tomanio*, 446 U.S. 478, 485-86, 100 S. Ct. 1790, 64 L. Ed. 2d 440 (1980) (42 U.S.C. § 1988 authorizes federal courts, in an action under § 1983, to disregard an otherwise applicable state rule of law if the state law is inconsistent with the federal policy underlying § 1983)).

"If the state courts would not give preclusive effect to the prior judgment, 'the courts of the United States can accord it no greater efficacy' under § 1738." *Haring*, 462 U.S. 306, 314, n.6, (quoting *Union & Planters' Bank of Memphis v. Memphis*, 189 U.S. 71, 75, 23 S. Ct. 604, 47 L. Ed. 2d 712 (1903)).

Although the parties to this subsequent civil action are not identical (or in privity) to those in the state court criminal proceeding, "Michigan courts have [] repudiated the mutuality requirement in the criminal to civil context." *Knoblauch v. Kenyon*, 163 Mich. App. 712, 724, 415

7

N.W.2d 286, 291 (1987), *cf. Knott v. Sullivan*, 418 F.3d 561, 568 (6th Cir. 2005) (finding plaintiff was not collaterally estopped where civil rights defendants were not parties to criminal case and where Ohio courts frown on use of criminal proceedings to estop civil cases). Therefore, I suggest that the privity element would not prevent application of collateral estoppel.

However, I suggest that the remaining elements for application of collateral estoppel cannot be met. First, although there was a final, valid judgment of dismissal, resolution of the probable cause issue was not necessary to that judgment. Therefore, there was in fact no full and fair opportunity to litigate the probable cause issue. The Sixth Circuit has explained that,

> [w]hen a plaintiff has sought to revisit the probable cause issue in a subsequent civil suit in federal court, this circuit has found merit to the claim only where the plaintiff was able to place on the state court record allegations about false statements or misrepresentations by law enforcement officials, or some basis to demonstrate sufficient evidence to require an evidentiary hearing on the issue of probable cause.

*Prokos v. City of Athens*, 118 Fed. App'x 921, 927 (6th Cir. 2004) (citing *Hinchman v. Moore*, 312 F.3d 198, 203 (6th Cir. 2002) (finding that collateral estoppel did not bar the plaintiff from relitigating the probable cause issue where the claim was based on police officer supplying false information to establish probable cause), and *Darrah* (finding identity of issues requirement not met where plaintiff based federal claim of malicious prosecution on ground that officers knowingly supplied magistrate with false information not identical issue of whether probable cause exists).)[1]

On the record presented, I suggest that the requirements laid out in *Prokos* have been met. Here, Plaintiff asserts that the salient information in the affidavit in support of the search warrant

---

[1] At least one panel has found "the logic of *Darrah's* collateral-estoppel holding questionable . . . [because] [a] state court judge ruling on the presence or absence of probable cause in a criminal action must necessarily take into account the veracity of the officers' statements." *Hinchman v. Moore*, 312 F.3d 198, 203 (6th Cir. 2002). However, since *Darrah* is a published opinion, the court in *Hinchman* held that, although the plaintiff had an opportunity to cross-examine the officers and testify herself at the preliminary examination, "[w]hether or not she did so, *Darrah* allows her a second bite at the probable-cause apple, a result that is diametrically opposed to the collateral-estoppel concept." *Id.*

was false and misleading and thus, he has alleged the right type of claim to avoid collateral estoppel. Moreover, in his reconsideration ruling, Circuit Judge Bielawski makes clear that these matters are in fact unresolved issues.

In addition, though, a plaintiff challenging probable cause by asserting that law enforcement supplied false or misleading information must support that claim with evidence to survive a motion for summary judgment based on collateral estoppel. *Prokos, supra* (applying collateral estoppel where plaintiff did not meet standards under *Franks* to receive an evidentiary hearing); *Buttino v. City of Hamtramck*, 87 Fed. App'x 499, 503-04 (6th Cir. 2004) (although collateral estoppel did not prevent the plaintiff from relitigating the probable cause issue, plaintiff's claim did not fall within the holding of *Darrah* where he failed to present any evidence that the officer misrepresented statements to the magistrate or that the warrant was based on information that had been recanted); *Molnar v. Care House*, 574 F. Supp. 2d 772, 790 (E.D. Mich. 2008) (granting summary judgment based on collateral estoppel where the plaintiff provided "no evidence showing [that the officer] provided false information"); *Ezell v. Malczewski*, No. 06-14994, 2007 WL 3037723, at *5 (E.D. Mich. Oct. 17, 2007) (applying collateral estoppel where the plaintiff was given a preliminary examination, was able to cross-examine witnesses and where he did not claim that any witnesses misstated or knowingly misrepresented the facts).

I suggest that the record evidence in the instant case sufficiently supports Plaintiff's contention that false or misleading evidence was relied upon in issuance of the instant search warrant and attendant prosecution for items seized pursuant to the warrant. As Judge Bielawski noted, Defendant Jordan swore in the affidavit and testified at the preliminary examination that he could smell "fresh" marijuana from the roadway, yet, at the suppression hearing, he testified that he did not smell "fresh" marijuana until he approached the barn/garage or opened the door. (Dkt.

11, Ex. 6 at 2-3.) Since Defendant's sense of smell was the only evidence offered in support of probable cause other than the fact that Plaintiff had previously been convicted of a drug offense and he utilized a large exhaust system in his storage barn, I suggest that the inconsistencies in Defendant's testimony regarding his ability to smell marijuana are sufficient indicia of misleading or false information needed to preclude application of collateral estoppel.

I further suggest that collateral estoppel is not appropriate because the issue at the preliminary examination – whether the seized evidence and testimony supported probable cause to believe that Plaintiff committed the felony drug offense – was not the same as the issue at the suppression hearing and this case, namely, whether probable cause supported issuance of the search warrant. *See Broughton v. Hazelroth*, No. 01-70074, 2006 WL 798959, at *2 (E.D. Mich. Mar. 29, 2006) (declining to apply collateral estoppel because "the probable cause determination at the preliminary examination is a different issue from the determination of probable cause to arrest a suspect"); *Caldwell v. City of Detroit*, No. 04-74998, 2006 WL 799220, at *10 (E.D. Mich. Mar. 29, 2006) (declining to apply collateral estoppel where "[t]he legality of Plaintiff's initial detention was not at issue during the preliminary examination[,] [t]he testimony focused exclusively on whether there was probable cause to believe that Plaintiff was the perpetrator of the shooting . . . [and c]onsequently, this issue was not actually litigated . . ."; further stating that "contrary to Defendants' assertion, the Court is not aware of any authority indicating that Plaintiff could have, or was obligated to, request a *Franks* hearing . . .").

Furthermore, I suggest that collateral estoppel is not appropriate where, as here, the issue was not fully and fairly litigated because the case was voluntarily dismissed before a rehearing on the motion to suppress was held or the final decision on rehearing was made. *See Fuller v. Cuyahoga Metro. Housing Auth.*, No. 1:06 CV 2093, 2008 WL 339464, at *13 (N.D. Ohio Feb.

6, 2008) (declining to apply collateral estoppel because plaintiff did not have a full and fair opportunity to litigate the probable cause issue where the plaintiff's motion to suppress "was never assessed or reviewed by an appellate court"); *Bourgeois v. Strawn*, 452 F. Supp. 2d 696, 708 (E.D. Mich. 2006) (finding that plaintiff was not collaterally estopped from challenging probable cause where defendant officer was not party to state case and where, although district judge bound plaintiff over for trial, circuit judge quashed the information so "final judgment" by the last court was that probable cause was lacking); *Asberry v. Rollins*, No. 05-CV-70915, 2006 WL 2594483, at *7 (E.D. Mich. Sept. 11, 2006) (declining to apply collateral estoppel where the plaintiff alleged that the defendant officers fabricated statements because, although the plaintiff was given a preliminary examination, the charges were dropped before trial).

Accordingly, I suggest that the application of collateral estoppel to Plaintiff's Fourth Amendment claims would not be appropriate and that Defendant Jordan's motion for summary judgment based on this doctrine should be denied.[2]

---

[2] I note that district courts more readily apply collateral estoppel with little analysis where the civil plaintiff was convicted of the crime charged, which is not the case here. *See Barton v. Priest*, No. 05-73415, 2008 WL 4372637, at *5 (E.D. Mich. Sep. 19, 2008) (plaintiff was collaterally estopped from litigating probable cause issue where she stood in privity with her criminal defendant husband, the issue was fully and fairly litigated before trial court, the motion to quash bindover was denied and defendant husband was convicted); *Porter v. Rex*, No. 06-14037, 2008 WL 880169, at *4 (E.D. Mich. Mar. 31, 2008) (applying collateral estoppel without analysis where the plaintiff had a preliminary examination and, thus, a determination of probable cause, and where the charges proceeded to a trial that ultimately resulted in a not guilty verdict); *Hendricks v. Has*, No. 07-10404, 2008 WL 373226, at *2 (E.D. Mich. Feb. 12, 2008) (applying collateral estoppel without analysis where the plaintiff was given a preliminary examination; even though it was not a "final judgment" because the jury verdict of not guilty was the final judgment, court noted that it was irrelevant that charges were subsequently amended or even dropped); *Jansma v. Ostopowitz*, No. 1:05-CV-489, 2007 WL 1110677, at *5 (W.D. Mich. Apr. 13, 2007) (applying collateral estoppel where the plaintiffs contested the issue of probable cause at their preliminary examinations and pleaded no contest to the charges without discussing whether any false or misleading statements were alleged to have been made).

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: November 25, 2008                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Mark V. Schoen, and on Jerome Alan Charboneau by First Class mail, 4361 Oakridge Road, Bay City, MI 48706-1821, and served on U.S. District Judge Ludington in the traditional manner.

    Date: November 25, 2008         By    s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder