UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEROME ALAN CHARBONEAU,

        Plaintiff,

                                  Case Number 07-12929-BC
                                  Honorable Thomas L. Ludington

v.

MATTHEW JORDAN,

        Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, STAYING THE ACTION FOR APPROXIMATELY SIXTY DAYS, SCHEDULING A STATUS CONFERENCE, DIRECTING THE CLERK OF THE COURT TO PROVIDE A COPY OF THIS ORDER TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION, AND CANCELING HEARING**

On July 13, 2007, Plaintiff Jerome Alan Charboneau filed a complaint alleging Fourth Amendment claims pursuant to 42 U.S.C. § 1983 and a state-law claim for malicious prosecution. Plaintiff's claims generally arise from what he contends was his wrongful arrest subsequent to a search of his home and garage under a warrant procured by Defendant Matthew Jordan's allegedly deliberately false statements. On July 7, 2008, Defendant filed a motion for summary judgment, in which he contended that collateral estoppel prevented Plaintiff from relitigating the issue of probable cause.

On November 25, 2008, Magistrate Charles E. Binder issued a report and recommendation in which he recommended that Defendant's motion be denied because there had not been a full and fair opportunity to litigate the probable cause issue. The magistrate judge explained that, despite the fact that Plaintiff's motion to suppress had been denied, the prosecution was voluntarily

dismissed while there was a motion for rehearing pending on Plaintiff's motion to suppress. The magistrate judge also concluded that the resolution of the probable cause issue was not necessary to the judgment of dismissal. No objections were filed and the report and recommendation was adopted by the Court.

On June 29, 2009, Plaintiff filed an amended complaint [Dkt. # 27], pursuant to a stipulation of the parties accepted by the Court. The amended complaint appears to include, inter alia, additional allegations that Defendant violated Plaintiff's due process rights under the Fourteenth Amendment. Now before the Court is Defendant Matthew Jordan's motion for summary judgment [Dkt. # 23]. The motion does not challenge the merits of Plaintiff's claims, rather, Defendant contends that Plaintiff does not have standing to pursue his claims.

On July 29, 2009, Plaintiff filed a response [Dkt # 31]. Defendant did not file a reply. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

The following facts and application of the law are not disputed: Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan, Northern Division, on or about October 15, 2005, and obtained a discharge under 11 U.S.C. § 727 on or about January 30, 2006. Plaintiff's claims alleged in his amended complaint accrued before he filed his bankruptcy petition, but were not properly scheduled within the meaning of the Bankruptcy Code. Pursuant to 11 U.S.C. § 541(a)(1), Plaintiff's claims became vested in the bankruptcy estate; and pursuant to 11 U.S.C. § 323, the trustee is the representative of the

bankruptcy estate with the capacity to sue and be sued regarding those claims.  Thus, Plaintiff, as the debtor, has no standing to sue, and the bankruptcy estate, represented by the trustee, is the real party in interest.  *See* Fed. R. Civ. P. 17(a)(1).

In his response to Defendant's motion, Plaintiff emphasizes that under 11 U.S.C. § 554, a bankruptcy trustee has the option of abandoning estate property, in which case it reverts to the debtor.  Plaintiff also emphasizes that Rule 17 provides a "reasonable time" for a real party in interest to be substituted into the action.  Thus, before the Court dismisses Plaintiff's lawsuit, Plaintiff seeks a reasonable time for the bankruptcy trustee to decide to substitute the bankruptcy estate into the action or to abandon Plaintiff's claims and allow them to revert to Plaintiff.

Based on the above, the Court finds that Plaintiff's claims remain the property of the bankruptcy estate and Plaintiff is without standing to assert them.  The bankruptcy estate is the real party in interest.  Rather than dismiss the claims outright at this time, Plaintiff will be provided an opportunity to determine whether he has any interests that survived his bankruptcy proceeding that he may assert or protect.  The case will be stayed to allow a reasonable time for Plaintiff to seek the bankruptcy court's determination of whether to reopen the case and, if so, whether to appoint a trustee, and for any such trustee to decide whether to pursue the claims as the real party in interest on behalf of the estate or to abandon the claims.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [Dkt # 23] is **DENIED WITHOUT PREJUDICE** to its renewal at a subsequent time.

It is further **ORDERED** that the action is **STAYED** for approximately sixty days, up to and including **October 20, 2009**.

It is further **ORDERED** that a telephonic status conference is **SCHEDULED** for **October**

**20, 2009, at 3:00 p.m.**  Plaintiff's counsel is directed to initiate the call.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to provide a copy of this order to the United States Bankruptcy Court for the Eastern District of Michigan, Northern Division.

It is further **ORDERED** that the hearing scheduled for August 18, 2009, is **CANCELED**.

                                                        s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

Dated: August 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2009.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS