UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEROME ALAN CHARBONEAU,

        Plaintiff,

                                    Case Number 07-12929-BC
                                    Honorable Thomas L. Ludington

v.

MATTHEW JORDAN,

        Defendant.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR LACK OF STANDING

On July 13, 2007, and June 29, 2009, Plaintiff Jerome Alan Charboneau filed a complaint and amended complaint, respectively, alleging constitutional violations pursuant to 42 U.S.C. § 1983 and a state-law claim for malicious prosecution.  On June 3, 2009, Defendant filed a motion for summary judgment, contending that Plaintiff did not have standing to pursue his claims because they were not disclosed and scheduled in his bankruptcy proceeding.  *See In re: Charboneau*, No. 05-26922 (Bankr. E.D. Mich. filed Oct. 15, 2005).  On August 14, 2009, based on undisputed facts, the Court found that Plaintiff's claims remained the property of the bankruptcy estate and that Plaintiff was without standing to assert them.  However, pursuant to Plaintiff's request, the Court stayed the case for sixty days to allow a reasonable time for Plaintiff to seek the bankruptcy court's determination of whether to reopen the case; and if the case were reopened, for Plaintiff to disclose the previously unscheduled causes of action, for the bankruptcy court to determine whether to appoint a trustee, and for any such trustee to decide whether to pursue the claims as the real party in interest on behalf of the estate or to abandon the claims to Plaintiff.

On September 16, 2009, upon the motion of the United States trustee, the bankruptcy court reopened Plaintiff's case and appointed a bankruptcy trustee. On October 20, 2009, as the Court's stay was scheduled to expire, the bankruptcy trustee informed the Court via telephone conference, with counsel for Plaintiff and counsel for Defendant present, that the trustee's report would be filed in the bankruptcy court imminently. In light of the anticipated report, the Court continued the stay for an additional twenty-one days.

The trustee's report was filed on October 23, 2009, and stated in full:

> I, Karen E. Evangelista, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned: $ 28581.00, Assets Exempt: $ 27142.42, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 0.00.

Notably, Plaintiff's schedules filed with his petition on October 15, 2005, listed assets worth a total of $28,581.00. Therefore, the trustee's report did not reflect an abandonment of Plaintiff's claims asserted in this case.

On November 20, 2009, the trustee filed a "Report of Undisclosed Assets," which provided in full:

> Pursuant to E.D. Mich. LBR 2015, the trustee hereby reports that the trustee discovered the following assets after the debtor testified at the meeting of creditors that the schedules are accurate: an alleged cause of action held by the Debtor against the by the State of Michigan and Matthew Jordan for violation of 42 USC 1983, violation of the 4th amendment and an alleged violation for wrongful arrest known to the Debtor at the time of the filing of his chapter 7 proceeding.
>
> This report is for informational purposes only. No response is permitted.

At a status conference on November 25, 2009, Plaintiff's counsel confirmed that he had not sought to amend the bankruptcy schedules to reflect Plaintiff's claims in this case. On December 2, 2009, in light of the fact that the case had been stayed for more than one-hundred days, and that it appeared that Plaintiff had yet to amend his bankruptcy schedules to reflect his claims in this case, the Court ordered Plaintiff to show cause why his claims should not be dismissed based on a lack of standing.

On December 23, 2009, Plaintiff filed a response to the order to show cause [Dkt. # 36], asserting that his claims have been abandoned by the trustee. To support his assertion, Plaintiff relies on a phone call to the trustee, in which the trustee's secretary stated that the trustee's notes indicate that it was determined that "there was no value to the Estate in the lawsuit which is the basis of this case." Plaintiff represents that it was the trustee's secretary's impression that the filing of the report of undisclosed assets "constituted an abandonment of the asset by the Trustee on behalf of the Estate." Plaintiff did not cite any legal authority to support the proposition that the filing of the undisclosed asset report amounts to abandonment of the unscheduled asset.

In response, Defendant contends that Plaintiff's claims have not been abandoned by the trustee because Plaintiff never amended his schedules, relying primarily on *In re Lehosit*, 344 B.R. 782 (Bankr. N.D. Va. 2006). There, the court explained that there are two pertinent ways that a debtor's litigation claim may be abandoned by a bankruptcy trustee. First, if the debtor's claim is a scheduled asset, the claim is deemed to be abandoned upon the closing of the bankruptcy case if it was not administered, even if the trustee did not affirmatively abandon the claim. *Lehosit*, 344 B.R. at 784; *see also* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . ."). Second, even when a debtor's claim is not scheduled, it may be

possible for a trustee to affirmatively abandon the claim by giving notice of the proposed abandonment and an opportunity for a hearing pursuant to Federal Rule of Bankruptcy Procedure 6007(a) and 11 U.S.C. § 554(a). *Lehosit*, 344 B.R. at 784. If the claim is not abandoned by one of those two methods, and unless the bankruptcy court orders otherwise, the claim "remains property of the estate." 11 U.S.C. § 554(d).

Significantly, the *Lehosit* court noted that "[p]rior to the enactment of section 554, a trustee's knowledge of an unscheduled asset was sufficient to abandon the asset without notice and hearing." 344 B.R. at 784 (internal citations omitted). By way of example, the court noted that previously, "the trustee's filing of a 'no asset' report may exhibit the requisite intent to abandon an asset." *Id.* The court cautioned that "[i]f the procedures of Rule 6007 are not strictly followed, the court would be back to its former practice of attempting to ascertain a trustee's intention." *Id.* (internal citations omitted).

In this case, the bankruptcy court closed Plaintiff's bankruptcy case for the second time on January 6, 2010. While the case was reopened, and despite this Court's directive, Plaintiff did not amend his schedules, nor did the trustee affirmatively abandon the claims pursuant to Rule 6007(a) and § 554(a). Thus, pursuant to § 554(d), and the reasoning expressed in *Lehosit*, 344 B.R. at 784, Plaintiff's claims in this case "remain[] property of the estate." Plaintiff has not demonstrated that his claims have been effectively abandoned by the trustee, and Plaintiff does not have standing to pursue them.

Accordingly, it is **ORDERED** that Plaintiff's amended complaint [Dkt. # 27] is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's lack of standing to pursue his claims.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 12, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---